PAUL KOLLSMAN, Plaintiff, *v.* EMIL DETZEL, Defendant.

City Court of the City of New York, Special Term, New York County, March 13, 1945.

*Philip L. Field* for plaintiff.

*Samuel Rubin* for defendant.

SCHIMMEL, J.   Plaintiff sues for rent of an apartment leased to the defendant.   The lease provided that the premises were " to be occupied as a strictly private dwelling by Tenant and Tenants' immediate family "; it could not be assigned or sublet without the landlord's consent. The defendant has interposed a defense predicated upon the fact that before the commencement of the period of the lease but after its execution, he was interned as an enemy alien and was thus rendered unable to enjoy the apartment.

It is not shown that the tenant's family could not have occupied the demised premises, and there was nothing to prevent the tenant himself from using them other than his detention by the Federal authorities.   The use to which the premises were to be put was not made illegal by operation of law, and there was no " frustration of venture ", assuming that such doctrine applies to leases.   (Cf. McNair on Legal Effects of War [2d ed.], pp. 280, 281.)   I therefore believe that defendant's internment did not release him from his obligation to pay the stipulated rent.   The consequences of defendant's detention should not be thrust upon the landlord.

The defendant also claims that at some time during the period of the lease the plaintiff took over the premises for his own purposes.   If and when this occurred the lease came to an end. However, this contention of the defendant is not supported by evidentiary facts.   Defendant has submitted an unsworn statement, in opposition to this motion, in which he says that the plaintiff took over the apartment " as a meeting place for air raid wardens ".   It may be that such use by the landlord of the premises will relieve the defendant of liability for some of the rent for which this action is brought.   It may also be true that the landlord may be found at

some time to have taken possession of the apartment for his own purposes, or that it can be shown that he has collected rents with which the defendant should be credited. The defendant is probably not in a position to know what the plaintiff did with the apartment during the period of his internment. It seems to me therefore that plaintiff should be required to prove in open court, subject to the test of cross-examination, the actual amount of the rent or damages due for the period in suit.

The plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice is granted to the extent of directing an assessment to determine the amount of plaintiff's recovery.